IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. CR-18-262-SM-1 |
| CLARENCE MADISON TYLER, | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is the United States' motion in limine seeking to exclude evidence of Defendant's alleged injuries sustained during the interaction with VA Police Sergeant Mathew Vroenen. Doc. 15. Defendant argues the evidence is "relevant to show who assaulted whom." Doc. 24, at 2. It is the defense's position that [Defendant] did nothing wrong and was assaulted by the V.A. Police while questioning them on why they were assaulting a fellow veteran who was strapped to a gurney screaming for help." *Id.* at 2.

In support of its motion, the United States cites *United States v. Thompson*, 393 F. App'x 852, 856 (3d Cir. 2010). There, the court affirmed the district court's grant of the government's motion in limine precluding evidence, lines of questioning, or argument concerning alleged use of force and brutality

during Defendant's arrest. *Id.* The Third Circuit concluded Defendant did "not show[] how evidence of the amount of force used to apprehend him and place him in custody is relevant to the question of whether he was guilty of the charges of armed bank robbery and using and/or carrying a firearm during a crime of violence." *Id*.

Similarly, in the Government's second relied-upon case, *United States v. Jones*, 479 F. App'x 874, 878 (11th Cir. 2012), the Eleventh Circuit affirmed the grant of the government's motion in limine to exclude evidence of Defendant's mug shot and bond hearing videotape. Defendant argued these were relevant to his defense that officers assaulted him and gave false testimony about his possession of a firearm. *Id.* at 878-7-88. The photograph and video established no time or source of his injuries. *Id.* at 878. And Defendant presented no evidence at trial to support Defendant's attempt to ascribe the injuries. *Id.* at 877.

Here, Defendant avers he will seek to raise the affirmative defense of self defense or defense of another. Doc. 24, at 2. No such defense was at issue in *Thompson* or *Jones*. Should Defendant raise credible evidence of the affirmative defense of self defense or defense of another, the Court will allow evidence pertaining to those injuries or defense wounds Defendant may have allegedly sustained while aiding a fellow veteran in the elevator. Defendant

has not shown how evidence of the amount of force used after Defendant was no longer in the elevator and was arrested is relevant to the question of whether he is guilty of the charged offense. He must demonstrate that any alleged purported officer brutality in arresting him had a "tendency to make the existence of any fact that is of consequence to the determination" of his assault trial "more or less probable. . . ." Fed. R. Evid. 401. Defendant makes no articulation of how evidence of such alleged brutality would be probative of bias on the part of the officers who may testify at trial.

With respect to admissibility of reputation or character evidence of the VA police department, Defendant filed no objection to the United States' request that Defendant must proffer to the court, outside the presence of the jury, sufficient facts before the court will allow reputation evidence.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE